UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:14-CR-17 |
| v. | ) | |
| | ) | |
| JOSHUA HAYWORTH, | ) | (VARLAN / GUYTON) |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b). This case came before the undersigned on March 4, 2015, for a competency hearing. Assistant United States Attorney Kelly A. Norris appeared on behalf of the Government. Attorney Christopher J. Oldham represented the Defendant, who was also present.

By way of background, the Court observes that on March 27, 2014, the Court ordered [Doc. 29] that the Defendant be committed for a mental evaluation of his competency to stand trial. The Defendant was transported to the Metropolitan Correctional Center in San Diego, California, (MCC San Diego), where he was evaluated by Dr. Gordon M. Zilberman, a clinical psychologist. Based upon Dr. Zilberman's six (6)-page forensic report [Doc. 32], the undersigned found [Doc. 35] that the Defendant was not competent to stand trial and committed him to a Bureau of Prisons facility for mental health evaluation and treatment to restore his competency. On January 16, 2015, the Court received a twelve (12)-page Forensic Report from Dr. Christina A. Pietz, a forensic psychologist at the United States Medical Center for Federal Prisoners at Springfield, Missouri (FMC Springfield). The parties appeared for a competency hearing on January 20, 2015. At that time, defense counsel asked that the competency

1

determination be continued to February 18 to give counsel time to meet with Defendant Hayworth and to prepare for the competency hearing. On February 18, the courthouse was closed due to inclement weather and the competency hearing was again rescheduled.

At the March 4 hearing, the Government relied upon Dr. Pietz's report and asked the Court to find that the Defendant is competent. Mr. Oldham stated that he had reviewed the reports of Dr. Zimmerman and Dr. Pietz and had also consulted with a private clinician regarding the Defendant's competency. Based upon this evidence, Mr. Oldham believed it to be in the Defendant's best interest to proceed to trial at this time. Mr. Oldham noted that Dr. Pietz had opined that counsel would likely need to remind the Defendant of the nature and significance of the legal proceedings. Mr. Oldham stated that he would do this but that he would also inform the Court, if he felt that his explanations were not effective. Mr. Oldham raised no objection to Dr. Pietz's forensic report. The parties agreed on a new trial date of June 9, 2015.

"The test for a defendant's competency to stand trial is 'whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding–and whether he has a rational as well as factual understanding of the proceedings against him.'" Mallet v. United States, 334 F.3d 491, 494-95 (6th Cir. 2003) (quoting Dusky v. United States, 362 U.S. 402, 402 (1960)). Section 4241 requires the Court to commit the defendant to the custody of the Attorney General if it finds by a preponderance of the evidence "that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d). In her report, Dr. Pietz diagnosed the Defendant with unspecified anxiety disorder, an academic or education problem, and adult antisocial behavior. Dr. Pietz states that although the Defendant does suffer

from a mental disease or defect, he is able to understand the nature and consequences of the proceedings and to assist properly in his defense. She opines that due to the Defendant's borderline intellectual functioning, defense counsel may need to explain the nature and significance of the proceedings to him on a regular basis. However, Dr. Pietz contends that with this additional explanation by counsel and if the Defendant remains compliant with his psychiatric medication, the Defendant is competent to proceed to trial. The Court observes that along with the forensic report, it has received a Certificate of Competency from Warden Linda Sanders of FMC Springfield, stating that "Pursuant to 18 U.S.C. 4241(e), I certify that my staff determined Mr. Hayworth has recovered to such an extent he is able to understand the nature and consequences of the proceedings against him and to assist properly in the defense of the claims brought against him" in this case. [Doc. 58, p.2]

Based upon the Forensic Report and the Certificate of Competency, the Court finds by a preponderance of the evidence that Defendant Hayworth is able to understand the nature and consequences of the charges and proceedings against him and to assist properly in the defense of the charges brought against him in this case. 18 U.S.C. § 4241(d). Accordingly, the Court finds that the Defendant is **COMPETENT** to stand trial. The Defendant's trial date was removed from the Court's calendar at the time of his initial commitment, to be reset upon the Court's determination that he is competent. The Court sets a new trial date of **June 9, 2015.** The Court finds that all the time between the Order of Commitment [Doc. 29] on March 27, 2014, and the competency hearing on March 4, 2015, to be fully excludable under the Speedy Trial Act because the Defendant was undergoing an examination to determine mental competency and then was incompetent and undergoing mental health treatment and competency restoration. <u>See</u>

3

18 U.S.C. § 3161(h)(1)(A) & -(4); see also 18 U.S.C. § 3161(h)(1)(F) (excluding up to ten days of time for transportation to and from places of examination and hospitalization).

The Court set the following schedule in this case: The deadline for filing pretrial motions is **March 27, 2015**. Responses to motions are due on or before **April 10, 2015**. The deadline for concluding plea negotiations is extended to **May 12, 2015**. The parties are to appear before the undersigned for a pretrial conference on **May 26, 2015, at 11:00 a.m.** This date shall also be the deadline for providing reciprocal discovery. The Court instructs the parties that all motions *in limine* must be filed no later than **May 26, 2015**. Special requests for jury instructions shall be submitted to the District Court no later than **May 29, 2015**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The Defendant is **COMPETENT** to proceed to trial;

(2) The trial of this matter reset to **June 9, 2015**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, Chief United States District Judge;

(3) All time between the Order of Commitment on **March 27, 2014**, and the competency hearing on **March 4, 2015**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is extended to **March 27, 2015**;

(5) Responses to pretrial motions are due on or before **April 10, 2015**;

(6) The deadline for completing plea negotiations is extended to **May 12, 2015**;

(7) The parties are to appear before the undersigned for a pretrial conference and motion hearing on **May 26, 2015, at 11:00 a.m.** Reciprocal discovery is also due on this day;

4

(8) Motions *in limine* must be filed no later than **May 26, 2015**; and

(9) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **May 29, 2015**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Bruce Guyton*

H. Bruce Guyton
UNITED STATES MAGISTRATE JUDGE